DECISION.
Defendant-appellant, Walter Bankhead, appeals from the judgment entered by the Hamilton County Court of Common Pleas upon a jury verdict finding Bankhead guilty of robbery. Bankhead advances four assignments of error in support of this timely appeal. Finding all of the assignments to be without merit, we affirm the judgment of the court below.
In his first assignment of error, Bankhead urges that the lower court erred by overruling his motion to suppress the victim's identification testimony. Bankhead claimed, in his motion to suppress, that the photograph array shown to the victim was impermissibly suggestive because his photograph was the only one in which the background was blue. The other photographs had white or pink backgrounds.
At a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and evaluate witness credibility.[1]
Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence.[2] Accepting those properly supported facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard.[3]
When ruling on a motion to suppress an identification, the trial court must first determine whether the identification procedure was unduly suggestive. If the procedure was impermissibly suggestive, then the court must proceed to the second step, in which it ascertains whether there was a substantial likelihood of misidentification.[4] In this step, the trial court must consider the "totality of the circumstances" under which the pretrial identification was made in order to determine whether the identification was reliable. In order to suppress identification testimony, there must be "`a very substantial likelihood of irreparable misidentification.'"[5]
In this case, competent, credible evidence supported the trial court's determination that the photo array was not impermissibly suggestive. The array included the same-sized photographs of six men, all with similar facial features, including the shape of the face, facial hair and haircuts, and all of similar age, weight and height. Bankhead claims that the array was unduly suggestive because the background of his picture was light blue, whereas the backgrounds of the other photographs ranged from white to light pink. We agree with the trial court that the relatively slight variance in the color of the background of the photographs was not unduly suggestive.
In his first assignment of error, Bankhead also contends that he was denied a fair trial because of alleged instances of prosecutorial misconduct. Bankhead claims that comments made by the prosecutor led the jury to believe that the state's burden of proof was less than proof beyond a reasonable doubt. Because Bankhead did not object to the comments of the prosecutor at trial, we review the proceedings to determine whether plain error occurred. An error in the proceedings will not mandate a reversal of the jury's verdict under the plain-error doctrine unless Bankhead demonstrates that, "but for the error, the outcome of the trial clearly would have been otherwise."[6]
After reviewing the entire record, we find no impropriety in the prosecutor's statements during voir dire about the burden of proof in the case. The prosecutor correctly informed the jury that the court would instruct it on the law, and that "proof beyond a reasonable doubt * * * is the same level of proof that you folks apply to the most important of your own personal decisions." The prosecutor also stated, "[I]f you decide your own most important affairs by deciding that it is beyond any possible doubt in the entire world, the Judge is going to say to you, `no, that's too high[.]' It is reasonable doubt."
R.C. 2901.05(D), which sets forth the mandatory jury instruction on reasonable doubt, uses this very standard in its definition:
"Reasonable doubt" is present when the jurors, after they have carefully considered and compared all the evidence, cannot say they are firmly convinced of the truth of the charge. It is a doubt based on reason and common sense. Reasonable doubt is not mere possible doubt, because everything relating to human affairs or depending on moral evidence is open to some possible or imaginary doubt. "Proof beyond a reasonable doubt" is proof of such character that an ordinary person would be willing to rely and act upon it in the most important of his own affairs.
The court charged the jury accordingly. We therefore reject Bankhead's claim that the prosecutor's statements during voir dire eroded the state's burden of proof or prejudiced him in any way.
In his second assignment of error, Bankhead claims that the prosecutor made numerous improper statements during the course of the trial, and that the cumulative effect of those statements deprived him of a fair trial. We hold that the comments of which Bankhead complains did not deprive him of a fair trial. While the prosecutor's comment that one of the officers involved in the case was "the cream of the crop" may not have been proper, there was no objection to the statement, and we therefore review it under the plain error doctrine.[7] Under the plain-error doctrine, we must determine, first, whether error occurred in the proceedings below, and, if so, whether "but for the error, the outcome of the trial clearly would have been otherwise."[8]
After reviewing the entire record and the context in which the statement was made, we cannot say that, but for the statement, the outcome of the trial would have been different. The proof of Bankhead's guilt was established primarily through the testimony of the victim, not the police officers who investigated the incident. We therefore hold that Bankhead has failed to demonstrate that allowing the officer's testimony was plain error.
Finally, Bankhead raised a timely objection to a police witness's statement regarding Bankhead's "criminal history." The lower court immediately sustained the objection and admonished the jury to disregard that statement. The jury is presumed to have followed that instruction.[9] None of the other comments cited by Bankhead were improper, and, therefore, could not have been prejudicial. Bankhead's second assignment of error is therefore overruled.
Bankhead claims in his third assignment of error that his robbery conviction is contrary to the manifest weight of the evidence. To reverse on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[10]
We have reviewed the entire record in this case. The victim of the robbery testified that she was able to view her attacker, and she immediately identified him in the photo array prepared by the police. She was also able to pick him out of a lineup and testified that she was certain that he was the attacker. Based on this evidence, we cannot say that the trier of fact clearly lost its way in weighing the evidence and created a manifest miscarriage of justice. Bankhead's third assignment of error is overruled.
Bankhead has raised, pro se, a fourth assignment of error, claiming that the lower court erred in permitting the victim's son to translate for her during the hearing on the motion to suppress. The victim in this case is Syrian, and she had some difficulty in explaining the circumstances of the robbery and her identification of the perpetrator. During the suppression hearing, the state requested, and the court permitted, the victim's son to translate some of the questions and answers. The lower court cautioned the son against giving his own conclusions concerning that testimony, and the son took an oath to translate his mother's statements literally.
Bankhead did not object to the use of the victim's son as a translator, and we again use the plain-error standard of review. After reviewing the record of the hearing on the motion to suppress, and comparing the victim's testimony at the hearing with her testimony at trial, when a different interpreter was used, we find no prejudice to Bankhead that affected the outcome of the proceedings below. Accordingly, the fourth assignment of error is overruled and the judgment of the court of common pleas is affirmed.
Judgment affirmed.
 HILDEBRANDT, P.J., DOAN and GORMAN, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] See, e.g., State v. Mills (1992), 62 Ohio St.3d 357, 366,582 N.E.2d 972, 982, citing State v. Fanning (1982), 1 Ohio St.3d 19,20, 437 N.E.2d 583, 584; see, also, State v. Williams (1993),86 Ohio App.3d 37, 41, 619 N.E.2d 1141, 1143.
[2] See State v. Guysinger (1993), 86 Ohio App.3d 592, 594,621 N.E.2d 726, 727.
[3] See Ornelas v. United States (1996), 517 U.S. 690,116 S.Ct. 1657; State v. Klein (1991), 73 Ohio App.3d 486, 488,597 N.E.2d 1141, 1143; see, also, Williams, supra; Guysinger, supra.
[4] See Neil v. Biggers (1972), 409 U.S. 188, 93 S.Ct. 375.
[5] See State v. Jells (1990), 53 Ohio St.3d 22, 27,559 N.E.2d 464, 469, quoting Simmons v. United States (1968), 390 U.S. 377,88 S.Ct. 967; see, also, State v. Fanning, 1 Ohio St.3d at 20,437 N.E.2d at 584.
[6] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Campbell (1994), 69 Ohio St.3d 38,630 N.E.2d 339.
[7] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Campbell (1994), 69 Ohio St.3d 38,41, 630 N.E.2d 339.
[8] See State v. Long (1978), 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus; State v. Campbell (1994), 69 Ohio St.3d 38,41, 630 N.E.2d 339.
[9] See State v. Coleman (1999), 85 Ohio St.3d 135-136,707 N.E.2d 476, 484.
[10] See State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720, cited with approval in State v. Thompkins (1997),78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546.